FILED

03/27/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0035

DA 17-0035

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 65N

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

MYKEL THOMAS O'MALLEY,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC 2015-19
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad Wright, Appellate Defender, Kristina Neal, Assistant Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

            Leo J. Gallagher, Lewis and Clark County Attorney, Katie Jerstad, Deputy County Attorney, Helena, Montana

Submitted on Briefs:  January 24, 2018
Decided:  March 27, 2018

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     A jury in the Lewis and Clark County Justice Court found Mykel Thomas O'Malley guilty of driving under the influence of alcohol (DUI) and failing to carry proof of motor vehicle liability insurance. O'Malley appealed to the First Judicial District Court, which affirmed his conviction. O'Malley now appeals to this Court, claiming that the Justice Court abused its discretion when it allowed the testimony of Austin Roberts at trial after the State filed notice only three days earlier that she would testify.

¶3     O'Malley and Roberts were the occupants of a car that drove into a ditch on Green Meadow Road in the Helena Valley. A witness discovered the car in the ditch and called 911. The witness testified at O'Malley's trial that a female had been in the driver's seat but took off on foot, and that the male in the vehicle then drove out of the ditch and away from the scene. O'Malley initially denied driving the vehicle but later changed his story.

¶4     At his trial, O'Malley testified that he and Roberts each had consumed two or three shots of vodka mixed with orange juice prior to the wreck. He testified that, after the wreck, he drove the car out of the ditch and then to a bar known as the Liabation Station, where he chugged a bottle of vodka. Officers who responded to the 911 call testified they found him at the bar 10 minutes after they received the call. O'Malley refused a breath test

2

and field sobriety tests, but officers obtained a warrant for a blood draw. O'Malley's blood alcohol level measured 0.317.

¶5     All parties to this case believed Roberts would be unavailable to testify at O'Malley's trial because she planned to exercise her 5th Amendment right to remain silent. Three days before trial, however, the State submitted an amended notice of witnesses, disclosing that Roberts may be called to testify. Over the defense's objections that it had not been provided any statements made by Roberts, she testified that she had been drinking with O'Malley; they were having a fight while driving in his car and ended up in the ditch; and he drove away.

¶6     On appeal, O'Malley argues that the "surprise" testimony by Roberts deprived him of the ability to effectively decide trial strategy. We affirm.

¶7     We will uphold a trial court's decision about admission of evidence unless the court clearly abused its discretion. *State v. Strang*, 2017 MT 217, ¶ 34, 388 Mont. 428, 401 P.3d 690. A trial court does not abuse its discretion in admitting evidence when the State's failure to disclose a witness was not willful and no prejudice resulted. *Strang*, ¶ 34.

¶8     In this case, it was undisputed that Roberts was not expected to testify at O'Malley's trial. The Justice Court concluded that the defense nonetheless had sufficient notice—from the time the car went into the ditch—of Roberts's role as a witness. The District Court observed that Roberts offered no trial testimony about O'Malley's level of intoxication and that her testimony about the accident and its aftermath was consistent with that of O'Malley and the eyewitness. The court concluded that any error in the admission of Roberts's testimony was harmless because much of her testimony was cumulative and it did not

prejudice the defense. We agree. O'Malley acknowledged drinking with Roberts before the crash and admitted that he drove from the scene. Both O'Malley and Roberts testified that they did not think they were impaired at the time of the crash. Roberts did not testify that O'Malley was impaired, and her testimony of her own BAC did not amount to unfair prejudice.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The trial court's ruling was not an abuse of discretion.

¶10 Affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON